# Festa v. Sandy

*Kevin P. Foley,* for plaintiff.

*P. Timothy Kelly,* for defendants, Alice Caulson and Lourdesmont High School.

WALSH, *P.J.,* March 26, 1990 — We have before us today a motion to compel discovery which was filed on behalf of plaintiff Shawn Anthony Festa by his mother, Donna Festa. Although no complaint has been filed in the underlying action thus far, it appears from the documents which have been made part of the record that this lawsuit concerns claim for injuries sustained by Mr. Festa in an alleged assault by defendant Sam Sandy while attending Lourdesmont High School. Alice Caulson, the director of that school, was served a notice of deposition and subpoena which requested her to appear for deposition and bring with her "any and all documents, records, writings, papers, notes, memoranda, correspondence, letters, photo-records, and/or any other compilation of data from which information can be obtained" relating to Messrs.

Festa and Sandy. Ms. Caulson was served by certified mail at her place of business, but neither appeared at the appointed time and place for deposition nor filed a motion for a protective order. Her non-compliance spurred the filing of the motion before us, wherein plaintiff asks this court to issue an order compelling Ms. Caulson to submit to a deposition and produce for inspection all the documents contained in his broad request.

On behalf of Ms. Caulson, counsel for Lourdesmont has filed a brief in opposition which attacks the validity of plaintiff's motion in two ways. The initial argument raised therein concerns the method by which the notice of deposition and subpoena were served. Ms. Caulson's position is that service should have been made personally, and because certified U.S. mail was the method employed, the two documents have no binding effect. We disagree. This court finds nothing unlawful or improper about the type of service effected, and to illustrate how we reached this conclusion, we shall proceed from an analysis of the Rules of Civil Procedure relied upon by the parties in support of their respective positions.

We first looked to Pa.R.C.P. 440, which according to Ms. Caulson indicates that service was improper. While it concerns service of legal papers other than original process, it is inapplicable to the present situation because it sets forth the guidelines for serving "any party to an action," which Ms. Caulson clearly is not. No lawsuit has been filed against her or Lourdesmont High School, so for purposes of the matter before us she is a non-party, and at this point merely a potential witness. What is key to the disposition of this issue, however, is Pa.R.C.P. 4007.1, which provides:

"(a) A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action, except that no notice need be given a defendant who was served by publication and has not appeared in the action. A party noticed to be deposed shall be required to appear without subpoena.

· "(b) The notice shall conform with the requirements of subdivision (c) of this rule . . . and shall state the time and place of taking the deposition and the name and address of each person to be examined if known, and, if the name is not known, a general description sufficient to identify him or the particular class or group to which he belongs.

"(c) The purpose of the deposition and matters to be inquired into need not be stated in the notice unless the action has been commenced by writ of summons and the plaintiff desires to take the deposition of any person upon oral examination for the purpose of preparing a complaint. In such case the notice shall include a brief statement of the nature of the cause of action and of the matters to be inquired into.

"(d) If the person to be examined is a party, the notice may include a request made in compliance with rule 4009 for the production of documents and tangible things at the taking of the deposition. If the person to be examined is not a party, and is to be served with a subpoena duces tecum to produce designated materials, the notice shall specify the materials to be produced."

It is clear from the relatively straightforward language contained in this rule that as long as it is given in writing, the type of notice is secondary to its content. Pa.R.C.P. 4007.1 does not speak to the issue of personal or any other specific manner of service, and with this in mind we believe that the

notice sent to Ms. Caulson in this regard, which was delivered by certified mail to Lourdesmont High School, her place of business, was adequate. However, both parties appear to have overlooked the requirement contained in subsection (c), which we believe bears upon the dispute before us. It calls for the nature of the cause of action to be briefly detailed in the notice of deposition for actions where no complaint has yet been filed; the reasons for this requirement are contained in the following portion of the explanatory note to Pa.R.C.P. 4007.1:

"Subdivision (c) is new. It provides that the purpose of the deposition and the matters to be inquired into need not be stated in the notice, except in the relatively infrequent case where the action has been commenced by a writ of summons and the plaintiff desires to take a deposition upon oral examination for the purpose of preparing a complaint. In this situation the inquirer must provide a brief statement of the nature of the cause of action and of the matters to be inquired into. The reason for the rule is obvious. The party who has not yet been served with a complaint may in some instances not be aware of the nature of the action and thus be totally unprepared to submit to oral examination."

With the above guidelines in mind, it shall be our decision that the notice of deposition and subpoena be refiled in accordance with Pa.R.C.P. 4007.1(c). Additionally, this court finds that the scope of the records requested is quite possibly overboard, a position echoed in the second argument set forth by Lourdesmont, and may encompass privileged, non-discoverable material.* Plaintiff shall therefore in his refiled subpoena further indicate the specific documents he seeks to inspect and the underlying purpose of his request. If the parties at that time still

---

* See 42 Pa.C.S. §§5929, 5944, and 5945.

differ on the issue of whether the items sought are discoverable, they may request an in camera hearing before the court for a determination of the propriety of the discovery request.

## ORDER

Now, March 26, 1990, it is hereby ordered and decreed that plaintiff's motion to compel discovery is denied; further, it is ordered that the notice of deposition and subpoena be refiled in accordance with the dictates set forth in the accompanying opinion.